27D01-2312-CT-000089

USDC IN/ND case 1:23-cv-00535-CCB-SLC   document 4   filed 12/04/23   page 1 of 5

Filed: 12/4/2023 2:48 PM
Clerk
Grant Superior Court
Grant County, Indiana

|  |  |  |
|---|---|---|
| STATE OF INDIANA | ) | IN THE GRANT SUPERIOR COURT |
|  | ) SS: |  |
| COUNTY OF GRANT | ) | CAUSE NO._____ |

ANGELA FORD,
      Plaintiff,

v.

MARION POLICE DEPARTMENT and
OFFICERS NICK McPIKE, BRENNAN
BUSCHE and JACOB HURLBURT,

      Defendants.

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendants as follows:

1. The Plaintiff is Angela Ford, a resident of Marion, Indiana, at all material times of this Complaint.

2. The Defendants include City of Marion Police Department personnel Officer Nick McPike, Officer Brennan Busche, and Officer Jacob Hurlburt, who are each named in their individual capacity pursuant to 42 U.S.C. § 1983. At all material times of this Complaint the Defendants and each of them, were acting within the scope of their employment and under color of law, when they subjected the Plaintiff to excessive and unreasonable force, in violation of the Plaintiff's federally protected right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3. Also named as a Defendant is the City of Marion in its representative capacity. At all material times of this Complaint, the City of Marion employed law enforcement

–1–

personnel who subjected the Plaintiff to state tort battery, in violation of the Plaintiff's rights under the laws and public policies of the state of Indiana. The City of Marion is vicariously liable for the state torts of its employees to which the Plaintiff was subjected, under the doctrine of *respondeat superior*.

4. The Plaintiff issued a Tort Claim Notice on August 24, 2023, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". All required administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

5. On or about March 30, 2023, the Plaintiff was at her home when members of the City of Marion Police Department arrived, reportedly at the request of the Plaintiff's relatives. The Plaintiff had been physically ill for several days and was in her bedroom when Defendants Nick McPike, Brennan Busche, and Jacob Hurlburt arrived.

6. The Plaintiff remained in her bedroom, and initially spoke to the Defendants through her bedroom door. She assured them she was fine and was not trying to kill herself but was simply ill. She also told the Defendants to leave her home, and she shut the bedroom door. She then continued to instruct them to leave. The Defendants however, remained in the Plaintiff's home without her consent.

7. Three to five minutes later, the Defendants barged through the Plaintiff's bedroom door. She was grabbed and then thrown on her bed. The Defendants then needlessly tased the Plaintiff, she believes three (3) times.

8. The Plaintiff was also placed in overly tight handcuffs, before being dragged out of her own home by the Defendants. Additional police officers were waiting outside, who

were believed to also be from the City of Marion Police Department. She was then kept in the painful and over-tight cuffs for a prolonged period before they were removed.

9. When the Defendants were at one of the squad cars with the Plaintiff, the Plaintiff still had a vape unit in one hand. One of the Defendants noticed, made a fist, then pounded the Plaintiff's left hand hard until she dropped the device.

10. The Plaintiff was then placed into a squad car and carted off to Marion General Hospital against her will, before being transferred to a facility called Cornerstone, in Marion, Indiana.

11. The Plaintiff contends that at no time while the Defendants were inside her home, or in contact with her, did she pose an imminent threat of harm or danger to anyone, or herself. She furthermore did not pose an imminent threat of flight and was not suspected of committing any crime whatsoever.

12. The Plaintiff contends that the Defendants and each of them subjected her to excessive and unreasonable force, when they threw her on her bed, tased her, placed her into overtight handcuffs, and kept her in those overtight handcuffs, drug her outside of her home, and then smashed her hand before placing her in a squad car.

13. In the alternative, the Plaintiff contends that Defendants, Nick McPike, Brennan Busche, and Jacob Hulburt, and each of them, stood by and watched the Plaintiff being subjected to excessive and unreasonable force by their fellow police officers, but they did nothing to intervene, prevent or curtail the excessive force, in spite of having a meaningful opportunity to intervene. The individually named Defendants, and each

of them therefore are also liable to the Plaintiff for the violation of her Fourth Amendment right to be free from unreasonable seizure, based upon bystander liability.

14. The Plaintiff additionally contends that the excessive and unreasonable force constituted acts of state tort battery against the Plaintiff, in violation of the laws and public policies of the state of Indiana. The City of Marion is therefore liable for its employees' acts of battery, under the doctrine of *respondeat superior*.

15. The unlawful, excessive, and unreasonable force and battery committed by the Defendants and each of them, was the direct and proximate cause of Plaintiff suffering physical pain, injury, mental anguish, emotional distress, lost wages, and other damages and injuries.

16. The excessive and unreasonable force by the individually named Defendants, and each of them, was intentional, knowing, willful, wanton and in reckless disregard of the Plaintiff's federally protected right to be free from unreasonable seizure under the Fourth Amendment and §1983. The Plaintiff is therefore entitled to recover punitive damages from the individually named Defendants.

WHEREFORE, Plaintiff, by counsel, respectfully requests judgement against the Defendants, and each of them, for compensatory damages, punitive damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I, Angela Ford, swear and affirm under the penalties for perjury that the above and foregoing representations are true and correct based upon my personal knowledge.

*Angela Ford* (signature)
Angela Ford

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:  (260) 424-0712
E-mail:  cmyers@myers-law.com
*Counsel for Plaintiff*