UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA FORD, | ) CASE NO. 1:23-cv-00535-CCB-SLC |
|       Plaintiff, | ) |
| v. | ) |
| CITY OF MARION and OFFICERS NICK McPIKE, BRENNAN BUSCHE and JACOB HURLBURT, | ) |
|       Defendants. | ) |

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants Marion Police Department and Officers Nick McPike, Brennan Busche and Jacob Hurlburt (collectively, "Defendants"), by counsel, respectfully request that the Court enforce the settlement agreement reached by the parties on February 13, 2024, and in support, state:

1. The parties, by counsel, participated in settlement negotiations between February 1-13, 2024, and a settlement agreement was reached on February 13, 2024. (Ex. 1).

2. On February 13, 2024, at 4:17 p.m., the undersigned counsel sent an email to Plaintiff's counsel, Mr. Myers, stating "We will compromise at $7,000 in exchange for full and final release of all Defendants. If this is acceptable, please send me your W9 and state the payee(s) on the check." At 4:58 p.m., an email was sent from Mr. Myers' email address to the undersigned counsel stating, "My client accepts your offer if [sic] $7,000.00 our Bookkeeper (Susie) will be sending over the W-9." (Ex. 1).

3. On February 20, 2024, the undersigned counsel sent an email to Mr. Myers attaching the proposed Settlement and Release Agreement and asking that he return the fully executed agreement once it was signed by his client. (Ex. 2, p. 4).

4. The Settlement and Release Agreement is attached as Exhibit 3.

5. On February 22, 2024, a Notice of Settlement was filed with the Court. (Dkt. 18).

6. On February 26, 2024, the Court entered an Order directing the parties to file dismissal papers by March 26, 2024. (Dkt. 21).

7. On February 28, 2024, the undersigned counsel sent an email to Mr. Myers checking on the status of the Settlement and Release Agreement. Susie Neff, Office Manager/Bookkeeper with Myers & Wallace, LLP, replied on the same day, stating "We have no changes to the agreement, that we know of. We are waiting for our client's review and signature." (Ex. 2, pp.1-2).

8. On March 6, 2024, attorney Barry McGinley, Frost Brown Todd, LLP, sent an email to Mr. Myers following up on the status of the Settlement and Release Agreement. Ms. Neff replied the same day, stating, "We still have not received a signed agreement from our client. Mr. Myers is out of the office today in depositions, but I will have him address this matter tomorrow." (Ex. 4, pp. 3-4).

9. On March 11, 2024, Mr. McGinley and Mr. Myers had a phone conversation in which Mr. McGinley asked about the status of the Ford Settlement Agreement. Mr. Myers indicated that he would need to send a letter to Ms. Ford explaining that she can't have "buyer's remorse" at this stage.

10. On March 19, 2024, Mr. McGinley sent an email to Mr. Myers and Ms. Neff, asking whether they had obtained their client's signature on the Settlement Agreement, and if not, asking if Mr. Myers would draft a joint motion to extend the deadline to file the dismissal paperwork, and reminding them of the Court's deadline. (Ex. 4, pp. 2-3).

11. On March 25, 2024, at 10:41 a.m., Mr. Myers sent an email to the undersigned counsel with a proposed Motion for Extension of Time to File Dismissal Paperwork attached for her

2

review and approval. At 10:54 a.m., the undersigned counsel replied to Mr. Myers, attaching the motion with her proposed revisions. At 11:17 a.m., Mr. Myers sent the revised Motion to undersigned counsel, and at 11:21 a.m., she replied stating, "I authorize electronic signature." At 11:25 a.m., Ms. Link replied stating, "Thank you I will go ahead and file." (Ex. 5).

12. Mr. McGinley had not been copied on the earlier March 25, 2024, email exchange, so was unaware that the motion had been revised and approved for filing. As such, he sent an email to Mr. Myers and Ms. Link at 4:16 p.m. on March 25, 2024, asking about the status of the motion to extend the deadline. (Ex. 4).

13. On March 26, 2024, at 8:46 a.m., Ms. Link replied to Mr. McGinley's email and attaching the motion for his approval. Mr. McGinley replied at 9:18 a.m. stating, "No worries. Amy has approved her signature to be affixed." (Ex. 4).

14. Plaintiff's counsel apparently did not file the motion for extension of time by the March 26, 2024, deadline.

15. Plaintiff has not produced an executed Settlement and Release Agreement, to date.

16. On March 28, 2024, the undersigned counsel sent to Mr. Myers, by email, the proposed Motion to Enforce Settlement Agreement and proposed Order, asking if he has any objection. At the time of filing, no response from Mr. Myers has been received. (Ex. 6).

17. "A district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it. Whether a Settlement Agreement exists is a question of law, and whether to enforce the Settlement Agreement is a matter of the district court's discretion. State contract law governs issues concerning the formation, construction, and enforcement of Settlement Agreements." *Williams on behalf of Ocean's Promise, Inc. v. EBX Enterprises, LLC*, 2024 WL 322066 at *2 (S.D. Ind. January 29, 2024)(citations omitted).

3

18. "Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.* quoting *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind.Ct.App. 2011). "The party may also obtain an order for specific performance, which 'directs the performance of a contract according to, or substantially in accordance with, the precise terms agreed upon.'" *Id.* quoting *Kesler v. Marshall*, 792 N.E.2d 893, 896 (Ind.Ct.App. 2003).

19. The parties, by counsel, had a meeting of the minds on the simple terms of the settlement of this lawsuit, namely that Plaintiff would dismiss all claims against the Defendants in exchange for receiving $7,000.00. (See Ex. 1, Ex. 3). As such, the settlement agreement reached between Plaintiff Ford and the Defendants in this lawsuit is binding and enforceable.

WHEREFORE, Defendants, by counsel, respectfully request that the Court issue an Order enforcing the terms of the Settlement and Release Agreement and for all other proper relief.

Respectfully Submitted,

FROST BROWN TODD LLP

By: /s/ Amy Stewart Johnson
Amy Stewart Johnson, #16257-49

Barry McGinley, #36893-49

*Attorneys for Defendants City of Marion and Officers Nick McPike, Brennan Busche and Jacob Hurlburt*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed on the 1st day of April, 2024. Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.:

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street, Suite 400
Fort Wayne, IN 46802
cmyers@myers-law.com

*/s/ Amy Stewart Johnson*
Amy Stewart Johnson

FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
asjohnson@fbtlaw.com
bmcginley@fbtlaw.com

0000T69.0781019   4886-6907-5378v6

5